Donahue, J.,
dissenting. It is not within the province of a court to extend the provisions of á special act to persons or things not clearly and expressly comprehended within the language of the special act creating an exception to the general law on the same subject-matter.
The record shows that the defendant Black is a resident of Franklin county'; that a summons issued out of the common pleas court of Licking county directed to the sheriff of Franklin county; and that service of this summons was made upon Black in Franklin county.
*84 Black not being the owner of the automobile that caused the injury to plaintiff, Section 6308, General Code, has no application to him and does not authorize service of summons upon him in any county other than the county in which the action was brought. Therefore, unless Section 11282, General Code, has application to an action- brought under the provisions of Section 6308, General Code, this service upon the defendant Black, in Franklin county, was and is illegal and void.
Section 11282, General Code, provides that “When the action is rightly brought in any county, according to the provisions of the next preceding chapter, a summons may be issued to any other county, against one or more of the defendants.” This section is found in Chapter 4, Division II, Title IV, Part Third of the General Code, relating to the commencement of actions. The next preceding chapter, Chapter 3, contains Sections 11268 to 11278, inclusive, General Code.
This action is not brought under the provisions of any section of Chapter 3, but is brought under favor of Section 6308, General Code, which is a special act relating to actions for injury to person or property caused by the negligence of the owner of a motor vehicle. This section of the code is not only not a part of Chapter 3 (which is the next preceding chapter referred to in Section 11282, General Code), but on the contrary clearly states in terms that its provisions are an exception to the general provisions of that chapter. It is therefore clear that Section 11282, General Code, has no application whatever to actions brought under the *85 provisions of Section 6308, General Code, for Section 11282 in plain and positive language confines, its application to actions rightly brought “according to the provisions of the next preceding chapter” (Chapter 3).
If, however, it were conceded that Section 11282, General Code, has application to an action brought under the special provisions of Section 6308, General Code, nevertheless no summons was ever served upon Marie C. Clark, the owner of this motor vehicle that caused the injury to the plaintiff in error, either in Franklin county, or any other county in the state.
A summons was issued for Marie C. Clark, the owner of the automobile, to the sheriff of Franklin county, but was never served upon her, for the reasons stated in the return of the sheriff, “after due and diligent search I was unable to find the within named defendant, Marie C. Clark, within my bailiwick.”
Later, however, Marie C. Clark entered her voluntary appearance by filing an answer in the case. This answer discloses the fact that she is married to Allen Short, a lieutenant in the Canadian army, and a subject of the British crown. Her husband being a resident of Canada, the presumption obtains that her residence is the residence of her husband. If this be true, it does not appear how Marie C. Clark, the owner of this motor vehicle, could be served with summons in any county in the state of Ohio. It is certain at least that no such summons was served.
*86 Where, under favor of Section 11282, General Code, a plaintiff seeks to procure service upon a defendant in any county other than the county in which the action is commenced, he must bring himself within the provisions of that section by showing that the action is rightly brought in that county.
This record, if it shows anything at all touching that question, shows that the legal residence of Marie C. Clark is Canada; that she never was served with summons in this action; and that, more than a year after an unsuccessful effort to serve a summons upon her, she voluntarily filed an answer to plaintiff’s petition.
This waiver on her part cannot affect the rights of the defendant Black, nor does it follow that because she entered her voluntary appearance, that the action was properly brought in Licking county. The venue of an action is not fixed by arrangement, agreement, or waiver of some of the parties thereto. It is fixed by the statutes of Ohio. And while one defendant may by entering his voluntary appearance estop himself from denying the jurisdiction of the court in which the petition is filed, he cannot by any act of his deprive a codefendant of the protection of the laws of this, state declaring where action shall be commenced.
Under the provisions of Section 6308, General Code, an action for injury to person or property caused by the negligence of an owner of a motor vehicle may be brought against such owner in the county in which the injured person resides; yet this statute further provides that summons in such *87 action must issue to the sheriff of the county in which the owner does reside.
In this case this was not done. Summons was issued to the sheriff of Franklin county upon the presumption no doubt that the owner of the motor vehicle causing the injury to plaintiff resided in that county; but the return of the sheriff of Franklin county shows that she could not be found within his jurisdiction. It also clearly appears from the record that she is not a resident of Ohio, but is a resident of Canada. As a matter of course, this statute cannot have extra-territorial effect.
It necessarily follows that if service of summons cannot be made upbn the owner in the county of his residence in this state, as provided by the statute, that waiver of summons by such owner cannot determine the venue of the action as against the rights of a co-defendant not within the provisions of Section 6308, General Code, even if Section 11282, General Code, includes an action rightly brought under favor of Section 6308, General Code.